# No. 2026-00617

---

**UNITED STATES COURT OFAPPEALS FOR THE SECOND CIRCUIT**

---

MICHAEL SUSSMAN,
*Objector-Appellant*,

v.

JAMES FILARDI, COURTNEY ANDERSEN, LISA BURMEISTER, KENNETH LEONARD, DOROTHY PETERSEN, STEPHANIE RANEY, IRENE NUNEZ, CONRADO MOREIRA, KIARA REED, NACOLE HOUSTON, MONIKA BENNETT, JASON JARRELL, ALISON BARNHILL, KIMBERLEE FERRIS, JEFFREY GOULD, MELISSA SWARINGEN-ORTON, MICHELLE RUBIANO, and COLEMAN STEPHENS, on behalf of themselves and all others similarly situated,
*Plaintiffs-Appellees,*

v.

MID-AMERICA PET FOOD, L.L.C.,
*Defendant-Appellee.*

---

**PLAINTIFFS-APPELLEES' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION**

---

# TABLE OF CONTENTS

TABLE OF CONTENTS ........................................................................................................ i

TABLE OF AUTHORITIES .................................................................................................. ii

INTRODUCTION.................................................................................................................. 1

ARGUMENT ........................................................................................................................ 1

I. The February 6 Order Constitutes a Final Judgment ....................................................... 1

II. The District Court's Finding that Objector-Appellant Lacked Standing Is Dispositive .......... 2

III. Rule 4(a)(3) Does Not Cure a Lack of Appellate Standing .......................................... 5

IV. Objector-Appellant's Defective Objection Precludes Appellate Review ...................... 6

V. This Appeal Warrants Summary Disposition ................................................................ 8

CONCLUSION.................................................................................................................... 9

# TABLE OF AUTHORITIES

## Cases

*Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387–88 (1978) .......... 3

*Berni v. Barilla S.p.A.*, 964 F.3d 141, 145 (2d Cir. 2020) .......... 5

*Christine Asia Co. v. Yun Ma*, 2019 WL 5257534, at *11 n.3 (S.D.N.Y. Oct. 16, 2019) .......... 5

*Devlin v. Scardelletti*, 536 U.S. 1, 11, 14 (2002) .......... 6, 10

*Hispanic Society of New York City Police Dep't, Inc. v. New York City Police Dep't*, 806 F.2d 1147, 1154 (2d Cir. 1986), aff'd sub nom. Marino v. Ortiz, 484 U.S. 301 (1988) .......... 8

*In re LIBOR-Based Financial Instruments Antitrust Litigation*, 327 F.R.D. 483, 499 (S.D.N.Y. 2018) .......... 5

*Filardi v. Mid-America Pet Food, L.L.C.*, No. 7:23-cv-11170 (NSR), slip op. ¶ 15 (S.D.N.Y. Feb. 6, 2026) .......... 6, 9

## Statutes, Rules, and Regulations

Fed. R. App. P. 4(a)(1) .......... 5

Fed. R. App. P. 4(a)(2) .......... 3

Fed. R. App. P. 4(a)(3) .......... 8, 9

Fed. R. App. P. 32(a)(7) .......... 14

Fed. R. Civ. P. 5.2(a)(2) .......... 11

Fed. R. Civ. P. 58 .......... 3

## INTRODUCTION

The District Court expressly found that Objector-Appellant failed to establish standing—based on the absence of a verified showing of class membership and indicia of fraud. That determination is jurisdictional. Because only class members who have validly objected may appeal a settlement, Objector-Appellant lacks appellate standing, and this Court lacks jurisdiction.

Objector-Appellant's opposition does not identify any legitimate basis for appellate review. First, his argument that his notice of appeal is timely because the District Court has still not entered a final judgment lacks merit. Second, he has no standing to file an appeal because his objection was not meaningfully pursued below, he failed to attend a fairness hearing conveniently held by telephone, he failed to engage with the claims administration process and he now seeks to delay implementation of a court-approved settlement through arguments that do not warrant further proceedings. Whether framed as a jurisdictional defect or as a basis for summary disposition, this appeal should not proceed.

## ARGUMENT

### I. The February 6 Order Constitutes a Final Judgment

Objector-Appellant argues that his notice of appeal was timely under Federal Rule of Appellate Procedure 4(a)(2) because no final judgment has been entered under pursuant to Federal Rule of Civil Procedure 58. *See* Michael Sussman's

Opposition to Plaintiffs-Appellees' Motion to Dismiss Appeal for Lack of Appellate Jurisdiction (ACMS 28)("Objector-Appellant Opposition").This argument is refuted by the very document he attaches to his Opposition entitled: "ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT." *Id.* That document is not a tentative ruling or intermediate order by the District Court. It (i) grants final approval of the settlement; (ii) resolves all claims as to all parties; (iii) incorporates binding releases; and (iv) directs the Clerk of the Court to enter final judgment. These are the hallmarks of a final judgment. *See Bankers Trust Co. v. Mallis*, 435 U.S. 381, 387-88 (1978) (finding that a final judgment exists where the district court "clearly evidenced its intent that the opinion and order from which an appeal was taken would represent the final decision in the case.").

Objector-Appellant attempts to avoid this straightforward conclusion by arguing that the Order includes "explanations and case law" and therefore cannot satisfy Rule 58. Objector-Appellant Opp. at p. 3. He is wrong. Here, the District Court's intent to enter final judgment is unmistakable. The document is labeled a final judgment, resolves the case and directs entry of judgment.

## II. The District Court's Finding That Objector-Appellant Lacked Standing Is Dispositive

Appellant-objector filed a piece of paper with the District Court claiming he was having issue with the Claims Administrator's website. When the Claims

Administrator reach out to help him, Objector-Appellant refused its help. *See* Declaration of Carlos F. Ramirez dated April 24, 2026 Exh. C at p. 2 (ACMS 24.2)("Ramirez Decl. I"). Objector-Appellant also failed to attend a fairness hearing that he could have easily attended by merely dialing a telephone number and inputting a pin. *See* Declaration of Carlos F. Ramirez dated May 4, 2026 at p. 6 ¶ 15 ("Ramirez Decl. II")(filed concurrently herewith). Appellant-Objector then failed to file his notice of appeal on a timely basis as required by Federal Rule of Appellate Procedure 4(a)(1). Thus, Appellant-Objector has a very steep hill to climb to prove that he is a "party" that can now piggyback off of another appeal pursuant to Federal Rule of Appellate Procedure 4(a)(3) by a person that the District Court also found lacked standing and bore indicia of fraud. *See* Ramirez Decl. I, Exhibit B at p. 6 ¶ 15.

Indeed, the threshold issue before this Court is standing. It is well-settled that only class members have standing to object to a class settlement and, correspondingly, to appeal its approval. *See Berni v. Barilla S.p.A.*, 964 F.3d 141, 145 (2d Cir. 2020) (holding that only an objector that has established class membership may appeal approval of a settlement); *Christine Asia Co. v. Yun Ma*, No. 1:15-MD-02631(CM)(SDA), 2019 WL 5257534, *11 n. 3 (S.D.N.Y. Oct. 16, 2019)(holding that an objector that did not establish membership in the class lacks standing to object). Importantly, Objector-Appellant bears the burden of

demonstrating standing to pursue his appeal of the settlement. *In re LIBOR-Based Fin. Instruments Antitrust Litig.*, 327 F.R.D. 483, 499 (S.D.N.Y. 2018) (noting that objector bears burden of demonstrating standing). He simply cannot do so under these facts.

Here, the District Court rejected Objector-Appellant's objection on precisely these grounds. It found that Objector-Appellant failed to demonstrate that he was a member of the settlement class and that his submissions exhibited indicia of fraud. *See Filardi v. Mid-America Pet Food, L.L.C.*, Case No. 7:23-CV-11170, at ¶ 15 (NSR)(S.D.N.Y Feb. 6, 2026)(attached as Exhibit B to the Ramirez Decl. ACMS 24.2). That finding is not incidental—it is a determination that Objector-Appellant was not a proper participant in the settlement approval process. Importantly, he ignored the Settlement Administrator's attempts to address his objection (*see* Ramirez Decl. Exh. C at p. 3), and did not attend the settlement hearing. *See* Ramirez Decl. II at ¶¶ 4-5.

An objector who cannot establish class membership lacks standing to object in the first instance. It follows that such an individual cannot appeal. An objector's right to appellate review derives from the right to object; where the latter is absent, so too is the former. This principle is reinforced by *Devlin v. Scardelletti*, 536 U.S. 1, 11 (2002)(noting that "the power to appeal is ***limited to those nonnamed class members who have objected during the class hearing***")(emphasis added), which

permits appeals only by nonnamed class members who have meaningfully objected; certainly not the case here. *Devlin* does not extend appellate rights to individuals whose objections were rejected for lack of standing. To the contrary, it presupposes that the appellant was a valid objector.

Because the District Court found that Objector-Appellant was not a valid class member and lacked standing, he has no right to pursue this appeal. This Court therefore lacks jurisdiction.

**III. Rule 4(a)(3) Does Not Cure A Lack of Appellate Standing**

Objector-Appellant relies on Federal Rule of Appellate Procedure 4(a)(3), arguing that his notice of appeal is timely because it was filed within fourteen days of another party's notice. That argument fails because Rule 4(a)(3) addresses timing—not standing.

By its terms, Rule 4(a)(3) applies to "any other party." It presupposes that the filer is a party entitled to appeal. It does not—and cannot—confer appellate standing where none exists. Indeed, the Second Circuit has made clear that ***standing is a jurisdictional prerequisite that must be independently satisfied.*** *See Hisp. Soc. of New York City Police Dep't Inc. v. New York City Police Dep't*, 806 F.2d 1147, 1154 (2d Cir. 1986), *aff'd sub nom. Marino v. Ortiz*, 484 U.S. 301 (1988) (dismissing appeal for lack of standing and holding that absence of standing deprives the court of jurisdiction). Except for filing an objection, Appellant-

Objector did nothing more to establish standing. He ignored the Claims Administrator's attempts to address his objection and failed to attend the telephonic court hearing in order to substantiate said objection.

**IV. Objector-Appellant's Defective Objection Precludes Appellate Review**

Objector-Appellant's failure to establish standing below is independently fatal because it means there was no valid objection to preserve for appellate review in the first place. The District Court did not merely reject Objector-Appellant's arguments—it found that he lacked standing to make them at all. *Filardi,* Case No. 7:23-CV-11170, at ¶ 15 (attached as Exhibit B to the Ramirez Decl.). That is a substantive defect, not a technical one. An objection rejected on that basis cannot serve as a predicate for appellate review.

In situations like the one here, the U.S. Supreme Court has proposed the following:

> As to the first group—those who are not actually entitled to relief—one would not expect them to have filed objections in the district court in the first place. The few irrational persons who wish to pursue one round of meaningless relief will, I agree, probably be irrational enough to pursue a second. But there should not be many of such persons in any case.
>
> * * *
>
> [But] even if such cases did arise with any frequency, such concerns could be addressed by a standing inquiry at the appellate level.

*Devlin*, 536 U.S. at 14. Thus, having lost his objection for lacking standing and for

bearing the indicia of fraud at the District Court level, Objector-Appellant should, at a minimum, be subject to a "standing inquiry" by this Court before (i) any additional judicial resources are expended and (ii) monies that should be going to pay legitimate class members' claims are spent on needless litigation.

Objector-Appellant's own conduct reinforces this conclusion. He did not appear at the fairness hearing to prosecute his objection, when attendance could merely be achieved by dialing a telephone number and inputting a code. His affirmative actions in this regard were meant to deprive the District Court of any meaningful opportunity to evaluate his meritless position and arguments. Nor did he engage with the Claims Administrator, who offered assistance to address his concerns and any valid issues he may have had with the claims process.

In addition, a declaration recently filed by Objector-Appellant with the District Court wherein he objects to having to post an appeal bond in this matter raises additional red flags. *See* Ramirez Decl. II at Exhibit A. Specifically, the declaration attaches a copy of Objector-Appellant's New York State Driver's License, which expired almost 8 years ago, as proof of the address of the UPS store that he uses to receive mail (claiming he cannot receive mail at his home because the mailboxes are too small). *Id.* at ¶ 8. However, this purported valid driver's license raises additional concerns about Objector-Appellant's identity. First, despite it being tendered as a Driver's License issued by the State of New York, it

lists a Florida UPS Store's address as Objector-Appellant's home address. That the New York State Department of Motor Vehicles would allow that one of its citizen list the address of a UPS store located in Florida seems far-fetched to say the least. Second, Objector-Appellant improperly redacted his birth year, which could help Plaintiffs-Appellee's confirm whether he is the person who he claims to be. *See* Fed. R. Civ. P. 5.2(a)(2)(allowing for redaction of month and day of birth but not year). In other words, had Objector-Appellant followed applicable procedural rules for redacting personal information, he would not have redacted his birth year thereby allowing Plaintiffs-Appellees the ability to conduct a search of his name and approximate age via online databases to determine whether he really exists. Objector-Appellant did so to further hide his true identity.

In sum, Objector-Appellant's failure to avail himself of the many opportunities provided him to protest the Settlement, and his attempts to conceal his identity, underscores that his objection was not a good-faith effort to improve the settlement or protect the class. Allowing Objector-Appellant's appeal to proceed would provide legal precedent for individuals who have failed to establish even the threshold requirement of class membership to invoke appellate jurisdiction.

## V. This Appeal Warrants Summary Disposition

At the fairness hearing, which Objector-Appellant chose to not attend, the

District Court found that Objector-Appellant failed to establish class membership and exhibited indicia of fraud. Importantly, Objector-Appellant did not meaningfully participate in the Claims process or in the proceedings below. Under these circumstances, further proceedings would serve only to delay implementation of the settlement and payment of over 47,000 legitimate claims. This abuse must be curbed and this Court has the power to do so.

Summary disposition is therefore appropriate.

## CONCLUSION

For the reasons set forth above, the appeal should be dismissed for lack of appellate jurisdiction or, alternatively, summarily resolved.

Dated: May 4, 2026

Respectfully submitted,

By: *<u>/s/ Carlos F. Ramirez</u>*
Carlos F. Ramirez
Michael R. Reese
Sue J. Nam
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-500
*mreese@reesellp.com*
*snam@reesellp.com*
*cramirez@reesellp.com*

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER, LPA**
4445 Lake Forest Dr., Suite 490
Cincinnati, Ohio 45242
Tel: 513-345-8297

Fax: 513-345-8294
*jgoldenberg@gs-legal.com*

Jason P. Sultzer
**THE SULTZER LAW GROUP P.C.**
Jeremy Francis, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12061
Tel: (845) 483-7100
Fax: (888) 749-7747
*sultzerj@thesultzerlawgroup.com*

*Attorneys for Plaintiffs and Classes*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)(7)

I hereby certify pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C)that the attached brief is proportionally spaced, has a typeface (Times New Roman) of 14 points, and contains 1,927 words (excluding, as permitted by Federal Rule of Appellate Procedure 32(a)(7)(B), the table of contents, table of authorities, and certificate of compliance), as counted by the Microsoft Word processing system used to produce this brief.

Dated: May 4, 2026

/s/ *Carlos F. Ramirez*
Attorney

CERTIFICATE OF SERVICE

I, Carlos F. Ramirez, hereby certify that on April 24, 2026, I electronically filed the foregoing Memorandum In Support Of Motion to Dismiss Appeal with the Clerk of the Court of the United States Court of Appeals for the Second Circuit by using the CM/ECF System.

I certify that parties to this appeal are registered CM/ECF users and that service will be accomplished by the CM/ECF system. Service upon Objector-Appellant shall be accomplished by delivery via Certified Mail with Return Receipt Requested to the following address: 1686 S Federal Highway, #151, Delray Beach, FL 33483.

Dated: May 4, 2026

/s/ *Carlos F. Ramirez*
Attorney

# No. 2026-00617

**UNITED STATES COURT OFAPPEALS FOR THE SECOND CIRCUIT**

MICHAEL SUSSMAN,
*Objector-Appellant*,

v.

JAMES FILARDI, COURTNEY ANDERSEN, LISA BURMEISTER, KENNETH LEONARD, DOROTHY PETERSEN, STEPHANIE RANEY, IRENE NUNEZ, CONRADO MOREIRA, KIARA REED, NACOLE HOUSTON, MONIKA BENNETT, JASON JARRELL, ALISON BARNHILL, KIMBERLEE FERRIS, JEFFREY GOULD, MELISSA SWARINGEN-ORTON, MICHELLE RUBIANO, and COLEMAN STEPHENS, on behalf of themselves and all others similarly situated,
*Plaintiffs-Appellees,*

v.

MID-AMERICA PET FOOD, L.L.C.,
*Defendant-Appellee.*

**REPLY DECLARATION OF CARLOS F. RAMIREZ IN SUPPORT OF PLAINTIFFS-APPELLEES' MOTION TO DISMISS FOR LACK OF APPELLATE JURISDICTION**

I, Carlos F. Ramirez, of full age, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney-at-law licensed to practice in the States of New York and New Jersey, and the U.S. Court of Appeals for the Second Circuit. I am a Partner

at the firm Reese LLP, one of the law firms representing Plaintiffs/Appellees.

2. I have factual knowledge regarding the procedural history in this matter and make this Declaration in Support of Plaintiffs/Appellees' Reply in Support of their Motion to Dismiss Appeal for Lack of Appellate Jurisdiction. I am personally familiar with the facts set forth in this Declaration. If called as a witness, I could and would competently testify to the matters stated herein.

3. On February 6, I attended a telephonic hearing call held by the Honorable Nelson S. Román in connection with Plaintiff-Appellees' Motion for Approval of Class Action Settlement.

4. During that hearing, a roll call was taken of the individuals in attendance. Aside from court personnel, the following are the only individuals present on the call: Jason Sultzer, Esq., Jeremy Francis, Esq., Jeffrey Goldenberg, Esq., Charles Schaffer, Esq., Carlos Ramirez, Esq. Kate G. McKenney, Esq. and Gregory Holmes.

5. At no point during the roll call (or at any time during the duration of the hearing), did anyone by the name of Michael Sussman or Zef Spaci (the only other objector to this Settlement) identify themselves as being present, nor did any other individuals identify themselves as being present as a representative of either Sussman or Spaci.

6. Attached hereto as Exhibit A is a true and correct copy of Objector-

Appellant's Declaration in Opposition to Motion for Bond, dated April 24, 2026, filed with the District Court. *See Filardi, et al. v. Mid-America Pet Food, LLC*, Case 7:23-cv-1117(NSR) (ECF 73).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 4, 2026 in White Plains, New York.

By: */s/ Carlos F. Ramirez*
CARLOS F. RAMIREZ